CLIFFORD EKKERT, Plaintiff-Appellant, v. THE CITY OF LAKE FOR-
EST *et al.*, Defendants-Appellees.

Second District   No. 2—91—0732

Opinion filed March 6, 1992.

Stanley H. Jakala, of Berwyn, for appellant.

Murray R. Conzelman, of Conzelman, Snarski & Stepanich, of Wauke-
gan, for appellees.

JUSTICE DUNN delivered the opinion of the court:

Plaintiff, Clifford Ekkert, appeals the dismissal of his complaint
for injunctive and declaratory relief against defendants, the City of
Lake Forest and the Board of Fire and Police Commissioners of the
City of Lake Forest. Plaintiff sought to enjoin defendants from de-
nying him eligibility for employment as a fire fighter because he
was over 35 years of age at the time of his application. The trial
court concluded that section 10—2.1—14 of the Illinois Municipal
Code (section 10—2.1—14) (Ill. Rev. Stat. 1989, ch. 24, par. 10—
2.1—14) barred plaintiff from such employment.

On appeal, plaintiff argues that (1) defendants are estopped to invoke the age limitation of section 10—2.1—14 because plaintiff reasonably relied on defendants' representations that he was eligible for the position; and (2) the age limit set forth in section 10—2.1—14 has been invalidated by the partial consent judgment entered by the Federal District Court for the Northern District of Illinois in *United States Equal Employment Opportunity Comm'n v. Bloomingdale Fire Protection District* (N.D. Ill., Nov. 8, 1990), No. 90—C—1891 (the Federal consent order). We disagree and hold that the complaint was properly dismissed.

The complaint alleged the following facts. Plaintiff was born August 5, 1955. On or about May 1, 1990, defendants published a document entitled "Career Opportunity" describing openings for the position of "Firefighter (PM)." The document stated that applicants would have to meet certain requirements, including "Age 21-35." On or about May 30, 1990, defendants sent plaintiff and other prospective applicants information on application deadlines and various required tests. On June 13, 1990, plaintiff received the necessary application forms from defendants.

Plaintiff submitted his application shortly after August 5, 1990, his thirty-fifth birthday. Defendants scheduled plaintiff for a variety of written and physical tests. Plaintiff successfully completed a written test, a physical test and an interview. On November 1, 1990, defendants published a list of those eligible for the position of fire fighter (PM). Plaintiff was included on this list. The list stated that those eligible would have to pass polygraph, psychological and medical examinations to remain eligible. Plaintiff later passed all of these further tests.

On March 12, 1991, however, defendants informed plaintiff he was no longer being considered for the fire fighter position. Defendants explained that this was because plaintiff turned 35 before the eligibility list was published and that State laws excluded anyone 35 or older from being accepted into the State pension fund.

On November 8, 1990, the Federal District Court for the Northern District of Illinois (Lindberg, J.) entered the Federal consent order. Plaintiff attached a copy of the order with his complaint. The order recites that on March 30, 1990, the United States Equal Employment Opportunity Commission (EEOC) filed an action against the Bloomingdale and Glenside Fire Protection Districts and the State of Illinois, alleging that the State was violating the Age Discrimination in Employment Act of 1967 (the Federal Act) (29 U.S.C.A. §621 *et seq.* (West Supp. 1991)) by publishing, maintaining

and enforcing section 16.06 of the State Fire Protection District Act (section 16.06) (Ill. Rev. Stat. 1989, ch. 127½, par. 37.06), requiring all applicants for a position in the fire department of a fire protection district with any but not all full-time paid members to be under 35 years of age. The EEOC also alleged that the defendant fire protection districts were violating the Federal Act by maintaining hiring policies or practices that complied with section 16.06.

The Federal consent order recited that "[u]pon the pleadings, record, and stipulations of the parties," the court made the following findings. Subsequent to September 20, 1987, section 16.06 violated the Federal Act to the extent that it required fire protection districts of which any officers are full-time paid members to hire only individuals under age 35. This finding specifically excluded those fire protection districts with either "all full time paid officers or members" or "no full time paid officers or members." The State denied any liability for providing remedies for its publication and maintenance of section 16.06 and denied that it had enforced section 16.06. The districts also expressly denied that they had maintained hiring practices or policies in accord with section 16.06 or that they had unlawfully discriminated on the basis of age.

The Federal court ordered that (1) the State was forever enjoined from maintaining and enforcing that portion of section 16.06 requiring fire protection districts with any but not all full-time paid members to hire only individuals under the age of 35; (2) the two individual fire protection districts were forever enjoined from maintaining policies or practices in accord with the invalidated portion of section 16.06; (3) nothing in the order constituted an adjudication of any of the defendants' liability for remedying any damages under the Federal Act arising from the alleged publication, maintenance or enforcement of section 16.06 or from the alleged maintenance of hiring policies or practices in accord with section 16.06.

Plaintiff attached no other part of the record in the Federal case. The complaint alleged that defendants, like the individual fire protection districts in the Federal action, employed some (but not entirely) full-time paid fire fighting personnel. Plaintiff alleged that without injunctive relief he would suffer irreparable injury from no longer being considered for employment as a fire fighter for defendants. Plaintiff also requested rulings that (1) the Federal consent order barred defendants from preventing him from being employed as a fire fighter solely because he was 35 years old at the time that he applied; (2) defendants by their actions toward plaintiff interpreted section 10—2.1—14 to allow plaintiff to qualify for the

eligibility list; (3) plaintiff's ineligibility for the City of Lake Forest fire fighters' pension fund should not disqualify him for the position of fire fighter.

Defendants moved to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). Defendants argued that (1) section 10—2.1—6 of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—6) barred plaintiff from working as a fire fighter for defendants; (2) section 10—2.1—14 provides only that if a person is placed on an eligibility list and becomes over age before he is appointed to such a position, he remains eligible until the list is properly abolished and that this provision did not entitle plaintiff to relief because he admitted that he had already turned 35 when he applied (and when his name was placed on the eligibility list); (3) defendants could not be estopped to deny their lack of statutory authorization for hiring plaintiff; (4) the Federal consent order did not apply to this case as defendants were not parties to the Federal action and the Federal consent order involved a different statute than the one in the present case; and (5) the Federal Act did not forbid defendants from refusing employment to plaintiff, as plaintiff was under 40 years old and maximum hiring ages similar to the one here had been upheld in Federal court. After hearing argument, the trial court granted defendants' motion to dismiss. Plaintiff timely appealed.

Section 10—2.1—6 plainly states that "[a]ll applicants for a position in either the fire or police department of the municipality shall be under 35 years of age." (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—b.) Plaintiff acknowledges that he does not meet this statutory requirement, and, on appeal, he does not assert that section 10—2.1—14 validates his application. Plaintiff instead invokes the doctrine of equitable estoppel, arguing that because he reasonably and detrimentally relied on defendants' officially issued assurances that he was eligible for the fire fighter position at age 35, defendants must not now be allowed to plead their lack of statutory authority to hire plaintiff.

■ We cannot agree that estoppel applies to this case. Here plaintiff requests that we order defendants to exercise powers unauthorized—indeed prohibited—by statute. However, a municipality is limited to those powers given it by constitution and statute and cannot be bound by a contract that does not comply with the prescribed conditions for the exercise of the municipality's power. (*Ad-Ex, Inc. v. City of Chicago* (1990), 207 Ill. App. 3d 163, 169; *South Suburban Safeway Lines, Inc. v. Regional Transportation Author-*

*ity* (1988), 166 Ill. App. 3d 361, 367-68.) A contract that is legally prohibited is not merely voidable but void, and the municipality will not be estopped to assert that the contract is invalid. (*Ad-Ex*, 207 Ill. App. 3d at 170; *Ligenza v. Village of Round Lake Beach* (1985), 133 Ill. App. 3d 286, 291-92.) Also, a party that contracts with a municipality is charged with knowledge of the limitations on the municipality's power to contract. (*Ad-Ex*, 207 Ill. App. 3d at 169; *Ligenza*, 133 Ill. App. 3d at 290-91.) As defendants lacked the statutory authority to place plaintiff on the eligibility list, we may not order them to do so.

Plaintiff relies on a number of cases, primarily involving zoning regulations, in which courts held that municipalities were estopped to deny the validity of certain exercises of their powers. Those cases do not erase the distinction between an irregular exercise of a municipality's authority, which may create an estoppel, and a municipal action undertaken without any authorization, which is *ultra vires* and cannot bind the municipality. *South Suburban Safeway Lines, Inc.*, 166 Ill. App. 3d at 368; *Ligenza*, 133 Ill. App. 3d at 291.

■ Plaintiff argues second that the Federal consent order bars defendants from enforcing the age limitation of section 10—2.1—6. Although the order enjoins the State and two fire protection districts from enforcing or acting in accord with a different statute, section 16.06 of the State Fire Protection District Act, plaintiff reasons that because the statutory age limitations are essentially similar, the order holds that section 10—2.1—6 is invalid under the Federal Act. We disagree.

The issue here is whether the complaint adequately pleads that defendants may not enforce the age limit because they are bound by a previous adjudication that this limit is invalid. Thus plaintiff invokes the doctrine of collateral estoppel, which applies when a party or one in privity with that party participates in two separate and consecutive cases arising on different causes of action and some controlling fact or question material to the determination of both causes has been adjudicated against that party in the former suit by a court of competent jurisdiction. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 252.) Collateral estoppel requires an identity of issues. *Nugent v. Miller* (1983), 119 Ill. App. 3d 382, 387.

Here collateral estoppel does not apply. Defendants were not parties to the Federal action and are not in privity to the State. (*City of Naperville v. Morgan* (1984), 126 Ill. App. 3d 91, 93.) More-

over, the Federal suit involved a different statute from that involved here, and the Federal court's ruling does not specify the issues involved other than the declaration that section 16.06 violates the Federal Act.

Finally, the Federal court ruling was based on the consent of the parties to that case. The consent order states that the defendants denied that they had enforced or observed section 16.06; it is thus quite possible (based on the limited record that plaintiff provides) that the issue of whether section 16.06 violates the Federal Act was never actually litigated. Generally, courts are reluctant to give preclusive effect to consent judgments, in large measure because the extent to which issues are actually litigated in suits ending in consent judgments is often doubtful. (*La Preferida, Inc. v. Cerveceria Modelo S.A. de C.V.* (7th Cir. 1990), 914 F.2d 900, 906; *Avondale Shipyards, Inc. v. Insured Lloyd's* (5th Cir. 1986), 786 F.2d 1265, 1272-73.) The Federal consent order does recite that section 16.06 violates the Federal Act. Whether the defendants actually attempted to litigate this issue is unclear at best, and this lack of clarity (along with the failure to establish identity of issues or identity of the relevant parties) forbids giving the Federal consent order any preclusive effect here.

Plaintiff does not address these considerations in his appellate brief, but argues instead that the Federal case must be read as authority for invalidating section 10—2.1—6 because that statute and section 16.06 are similar and must be read *in pari materia*. This argument mixes apples and oranges. Rules of statutory construction are not particularly germane to whether a previous adjudication should be given preclusive effect.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and NICKELS, JJ., concur.