STEPHEN J. ELLIOTT, Plaintiff-Appellant, v. L R S L ENTERPRISES, INC., *et al.*, Defendants-Appellees.

Second District No. 2—91—0550

Opinion filed March 25, 1992.

William E. Jegen, of William E. Jegen, P.C., of Glen Ellyn, for appellant.

Steven C. Carbon, of Kupisch, Hunt, Carbon & Kaiser, of Bensenville, and James McClure, of Elmhurst, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Stephen Elliott, plaintiff, brought a breach of contract action as landlord against his tenant, L R S L Enterprises, Inc., Virginia Lippig and Larry Lippig, d/b/a Lippig Accounting Service, defendants, seeking damages for failure to pay rent. The trial court granted defendants' motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619), and plaintiff appealed. We reverse and remand.

Elliott leased certain premises to LRSL for a six-year term commencing July 1, 1987, through June 30, 1993. The lease provided, in pertinent portion, as follows:

> "REMEDIES NOT EXCLUSIVE—19. The obligation of Lessee to pay the rent reserved hereby during the balance of the term hereof, or during any extension hereof, *shall not be deemed to be waived, released or terminated,* \* \* \* *by the* service of any five-day notice, other notice to collect, demand for possession, or notice that the tenancy hereby created will be terminated on the date therein named, the *institution of any action of forcible detainer* or ejectment *or any judgment for possession* that may be rendered in such action, *or any other act or acts resulting in the termination of Lessee's right to possession of the Premises.* The Lessor may collect and receive any rent due from Lessee, and payment or receipt thereof shall not waive or affect any such notice, demand, suit or judgment, or in any manner whatsoever waive, affect, change, modify or alter any rights or remedies which Lessor may have by virtue hereof." (Emphasis added.)

Because defendants failed to pay rent due for December 1989 and January 1990, plaintiff instituted a suit under the forcible entry and detainer statute (Ill. Rev. Stat. 1989, ch. 110, par. 9—101 *et seq.*) seeking possession and past due rent. On February 23, 1990, the following order was entered:

> "AGREED ORDER
> This cause coming on to be heard for trial and the Court being advised that the parties have reached an agreement.

It be and is hereby ordered as follows:

(a) That the Defendants [*sic*] *tenancy is terminated* on or about March 31, 1990 and the premises shall be vacated on or before that date.

(b) That the following sums shall be paid to the plaintiff:

(a) On Feb. 23, 1990—$ 2,000.00

(b) On Feb. 27, 1990—$ 1,176.00

‧ (c) On March 15, 1990—$ 2,376.00

(c) That if Defendants fail to make any of the above payments then, upon notice of motion the Plaintiff shall be granted a judgment for all unpaid amounts and a writ of assistance for immediate possession." (Emphasis added.)

Defendants failed to make all of the payments specified in the order. Accordingly, plaintiff petitioned the court pursuant to paragraph (c) of the order and obtained both a judgment for immediate possession of the premises and a judgment for $3,552 against defendants, which represented the amounts unpaid pursuant to the terms of the order.

Thereafter, plaintiff filed a breach of contract action against the same defendants seeking damages under the lease for the period of time subsequent to the "termination of the tenancy" in March 1990. In response, defendants filed a motion to dismiss pursuant to section 2—619 of our Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). The motion asserted that the breach of contract action was barred by the entry of the agreed order in the forcible entry and detainer action and subsequent judgment for breach of the order because the issues of past and future rent due were resolved by the terms of the order. (See Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(4).) The court found the agreed order was subject to several interpretations and requested affidavits to determine the intent of the parties when the order was entered. Upon receiving the affidavits of Burton A. Brown and Teresa L. Einarson, the attorneys representing plaintiff and defendant in the forcible entry and detainer action respectively, the court granted the motion to strike and dismiss. On the motion to reconsider, the judge explained that he found language of the order ambiguous and that he interpreted the term "termination of tenancy" as a manifestation of the parties' intent to resolve all matters.

Whenever the granting of a motion to dismiss is reviewed, all well-pleaded facts alleged in the complaint are taken as true. (*Wheeler v. Caterpillar Tractor Co.* (1985), 108 Ill. 2d 502, 505.) A complaint should not be dismissed under section 2—619 unless it clearly appears that no set of facts can be proved which would entitle plaintiff to re-

cover. (*People ex rel. Hartigan v. Knecht Services, Inc.* (1991), 216 Ill. App. 3d 843, 860.) On review, the appellate court is concerned only with questions of law presented by the pleadings. Any allegations which are merely conclusions, unsupported by allegations of specific facts, are not admitted. *Toys "R" Us, Inc. v. Adelman* (1991), 215 Ill. App. 3d 561, 564.

Defendants asserted in their motion to dismiss that the breach of contract action was barred by the disposition of the forcible entry and detainer proceeding by agreed order. On appeal, plaintiff contends that the court improperly dismissed the breach of contract action under the doctrine of *res judicata* because the agreed order was not an adjudication of the rights of the parties and, therefore, does not constitute a final judgment on the merits. The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any future actions between the same parties or their privies on the same cause of action. (*Kinzer v. City of Chicago* (1989), 128 Ill. 2d 437, 446.) The doctrine prohibits relitigation of not only those issues which were actually raised in the first proceeding but also any issue which might have been raised. *Fried v. Polk Brothers, Inc.* (1989), 190 Ill. App. 3d 871, 878.

■■■ A judgment is final for purposes of *res judicata* if it terminates litigation on the merits so that the only issue remaining is proceeding with its execution. (*Catlett v. Novak* (1987), 116 Ill. 2d 63, 68.) It is true that an agreed order neither constitutes a judicial determination of the rights of the parties nor represents judgment of the court. (*Ad-Ex, Inc. v. City of Chicago* (1990), 207 Ill. App. 3d 163, 177.) Instead, it is a recordation of the private agreement of the parties. (*Kandalepas v. Economou* (1989), 191 Ill. App. 3d 51, 53.) However, an order entered by consent of the parties operates to the same extent for purposes of *res judicata* as a judgment entered after contest, because it is conclusive with respect to the matters settled by the order, judgment, or decree. (*Barth v. Reagan* (1986), 146 Ill. App. 3d 1058, 1064.) Any other interpretation would effectually nullify all settlements because the same claim would be subject to the possibility of future litigation and double recovery. Therefore, we find plaintiff's contention, that *res judicata* does not apply because an agreed order cannot be a final judgment on the merits, erroneous as a matter of law. However, due to the nature of paragraph 19 of the lease contract, we determine that *res judicata* does not apply beyond the specific language of the agreed order.

■ An agreed order is considered a contract between the parties to the litigation. Accordingly, its construction is governed by princi-

ples of contract law. (*Flora Bank & Trust v. Czyzewski* (1991), 222 Ill. App. 3d 382, 388; *Haisma v. Edgar* (1991), 218 Ill. App. 3d 78, 87.) In order to determine whether the disposition of the forcible entry and detainer action by the terms of the agreed order finalized any further actions concerning the lease contract, it is necessary to interpret the language of the order.

Like any other contract, the primary consideration is to effectuate the intent of the parties. (*Riney v. Weiss & Neuman Shoe Co.* (1991), 217 Ill. App. 3d 435, 442.) "In general, the intention of the parties is to be determined from the final agreement executed by them, rather than from preliminary negotiations and agreements, [citation] but previous agreements, negotiations and circumstances may be considered in determining the meaning of specific words and clauses." (*Martindell v. Lake Shore National Bank* (1958), 15 Ill. 2d 272, 283.) Accordingly, the order must be interpreted in its entirety, considering all facts and circumstances surrounding its execution, as well as all pleadings and motions from which it emanates. *Prairie Material Sales, Inc. v. White Diamond, Inc.* (1987), 157 Ill. App. 3d 779, 784; *Comet Casualty Co. v. Schneider* (1981), 98 Ill. App. 3d 786, 789.

 In this case, paragraph (a) of the order states that the "tenancy is terminated on or about March 31, 1990." However, the order must be interpreted in light of paragraph 19 of the lease, which provides that the lessee's obligation to pay rent is unaffected by any acts resulting in the termination of lessee's right to possession of the premises, including the institution of forcible entry and detainer proceedings or recovery of a judgment for possession. Substantially similar lease clauses have been deemed valid by Illinois courts. (*Vintaloro v. Pappas* (1923), 310 Ill. 115, 118-19; *Central Investment Co. v. Melick* (1915), 267 Ill. 564, 569; *Truly Warner Co. v. Royal Indemnity Co.* (1931), 259 Ill. App. 485; *Waller v. Wilson* (1935), 282 Ill. App. 418, 429.) In *Grommes v. St. Paul Trust Co.* (1893), 147 Ill. 634, the court stated as follows:

> "There is nothing illegal or improper in an agreement, that the obligation of the tenant to pay all the rent to the end of the term shall remain notwithstanding *** a re-entry for default; and, if the parties choose to make such an agreement, we see no reason why it should not be held valid ***." (*Grommes*, 147 Ill. at 643.)

When such a clause has been written into the lease, the courts have held that the lessee's duty to pay rent survives his eviction in a forcible entry and detainer proceeding, thus holding the tenant liable for all rent due to the end of the term. (See *Lake Shore Management Co.*

*v. Blum* (1968), 92 Ill. App. 2d 47, 53; *Klein v. Ickovitz* (1966), 72 Ill. App. 2d 59, 61; *Broniewicz v. Wysocki* (1940), 306 Ill. App. 187, 193.) As stated in *Heims Brewing Co. v. Flannery* (1891), 137 Ill. 309:

> "[T]he mere surrender of possession of the building leased, though made upon demand by the plaintiffs based upon a default in the payment of an installment of the rent, should not terminate said contract altogether, but only the defendant's right to the possession of the building leased, thus leaving all the other provisions of the contract, as well as the defendant's obligation to pay the stipulated consideration, in full force." *Heims,* 137 Ill. at 318.

Therefore, the reservation of remedy provisions contained in the lease must be given effect unless specifically abrogated by the agreed order. By unambiguously stating the "tenancy is terminated," the parties have not abrogated the reservation of remedy provisions of the lease. However, the trial court found to the contrary, as it first found the language of the order ambiguous and subsequently ruled that based on the affidavits of the attorneys, the order in the forcible entry action was intended to be a final disposition of all issues concerning the lease.

Whether an ambiguity exists is a question of law to be determined by the trial court. (*Quake Construction, Inc. v. American Airlines, Inc.* (1990), 141 Ill. 2d 281, 288.) Where the court determines that an ambiguity does exist, its subsequent construction of the contract will not be disturbed on review unless it is contrary to the manifest weight of the evidence. (*Myers v. Popp Enterprises, Inc.* (1991), 216 Ill. App. 3d 830, 835.) An instrument is ambiguous if its language is reasonably susceptible to more than one interpretation, either because of indefiniteness or because a double meaning can be attached to the words. (*Riney,* 217 Ill. App. 3d at 444.) However, a contract is not ambiguous if a court can ascertain its meaning from the general language of the contract. Furthermore, it will not be rendered ambiguous simply because the parties do not agree on the meaning of its terms. (*Village of Glenview v. Northfield Woods Water & Utility Co.* (1991), 216 Ill. App. 3d 40, 48.) When the terms of the instrument are clear and unambiguous, extrinsic evidence is inadmissible because the instrument itself is the sole determinant of the parties' intentions. (*Haisma,* 218 Ill. App. 3d at 87.) Where a court determines that an ambiguity does exist, however, parol evidence may be introduced by the parties in ascertaining the true meaning of the contract. *Quake,* 141 Ill. 2d at 288; see also *Riney,* 217 Ill. App. 3d at 442-44.

■ We find the language "termination of tenancy" in the order unambiguous on its face. The term "tenancy" is defined as the period of a tenant's possession or occupancy. (Black's Law Dictionary 1465 (6th ed. 1990).) Furthermore, the order was entered pursuant to a forcible entry and detainer proceeding, the distinctive purpose of which is to determine the party entitled to possession of the premises. (*Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 255.) In this context, the termination of a tenancy is a termination of the tenant's right of possession in the property or, put another way, the termination of privity of estate between the landlord and tenant. It is not an adjudication of one's rights under a lease contract and does not terminate the privity of contract between the landlord and tenant *when the lease contains a provision to the contrary*. (See *Munroe v. Brower Realty & Management Co.* (1990), 206 Ill. App. 3d 699, 704.) Therefore, the court erred by finding the language "termination of tenancy" ambiguous and considering the affidavits in interpreting the language of the agreed order.

However, even if the language of the contract was ambiguous, thus permitting the introduction of extrinsic evidence, our result would be the same. Teresa L. Einarson, counsel for defendants in the forcible entry and detainer proceeding, stated in her affidavit that she proposed the settlement and understood its terms to be as follows:

"(b) Defendants would pay the past due rent and the March, 1990 rent as per an agreed payment schedule;

\* \* \*

(d) The lease and thereby all underlying obligations pursuant to the lease would terminate upon payment of the past due rent and March 1990 rent."

The order, however, noticeably lacks any language concerning rent payments for the balance of the leasehold. If we accept defendants' contention that the agreed order terminated the lease, we question why the clear and unambiguous language quoted above was not incorporated into the order, especially since the terms of Ms. Einarson's *rejected* settlement offer specified that the lease was to be terminated. Instead, the order states that the tenancy, not the lease, was terminated. Because a strong presumption exists against provisions which could have easily been included in the agreement (*Prime Group, Inc. v. Northern Trust Co.* (1991), 215 Ill. App. 3d 1065, 1069), we find that the parties incorporated the language "termination of tenancy" into the order because they understood that the lease would remain in effect.

Furthermore, once the trial court determined the order to be ambiguous, it was improper to dismiss the cause. By finding the language of the order ambiguous, the trial court created a question of fact as to the true intent of the parties when the order was entered. When the language of a contract is ambiguous regarding the parties' intent, the interpretation of the language is a question of fact which the circuit court cannot properly determine on a motion to dismiss. (*Quake*, 141 Ill. 2d at 289.) Because the affidavits contained disputed facts, at the very least, plaintiff was entitled to an evidentiary hearing to present any evidence which may have been helpful for the court. (*Consumer Electric Co. v. Cobelcomex, Inc.* (1986), 149 Ill. App. 3d 699, 703-04.) Because in this case, the affidavits presented to construe the terms of the order also contained disputed facts, the court erred in disposing of the motion based solely on the affidavits.

Moreover, affidavits in support of section 2—619 motions are controlled by Supreme Court Rule 191, which provides that the affidavit "shall not consist of conclusions but of facts admissible in evidence." (134 Ill. 2d R. 191(a).) The attorneys in the forcible entry and detainer proceeding were not parties to the agreed order, and, consequently, their state of mind is totally irrelevant. Further, the attorneys' statements concerning what the parties intended were strictly opinions and not admissible evidence. (See *Protective Insurance Co. v. Coleman* (1986), 144 Ill. App. 3d 682, 687.) Although the attorneys were entitled to render factual statements concerning their participation in negotiations for the parties, they are incompetent to testify as to the parties' intent. The conclusional statements by the attorneys concerning the intent of the parties should have been stricken. Accordingly, we find the dismissal was not supported by sufficient evidence.

Finally, because we have determined that the lease contract has not been terminated through the forcible entry and detainer proceeding, LRSL remains in privity of contract with plaintiff. Thus, plaintiff is not precluded from bringing a suit for breach of the terms of the lease. Defendants may counterclaim as to all matters not disposed of in the prior suit.

Accordingly, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings in conformance with this opinion.

Reversed and remanded.

GEIGER and NICKELS, JJ., concur.