BERNARD M. POWERS, Plaintiff-Appellant, v. ARACHNID, INC., Defendant-Appellee (Michael Tillery, Defendant).

Second District   No. 2—92—1043

Opinion filed July 29, 1993.

Thomas D. Luchetti, Andrew C. Osen, and Debra A. Delia, all of Thomas D. Luchetti, P.C., of Rockford, for appellant.

Scott C. Sullivan, of Williams & McCarthy, P.C., of Rockford, and Joel T. Pelz, R. Edward Wilhoite, and Allen C. Schlinsog, all of Jenner & Block, of Chicago, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Bernard M. Powers, appeals from an order dismissing count I of his cause of action against defendant, Arachnid, Inc., pursuant to section 2—619(a)(4) of the Code of Civil Procedure. (735 ILCS 5/2—619(a)(4) (West 1992).) For the following reasons, we reverse and remand.

In June 1986, the parties entered into an employment contract whereby plaintiff assumed the duties as director of marketing and sales for defendant corporation at a salary of $90,000 annually. The agreement contained a noncompetition clause where plaintiff agreed not to "directly or indirectly own, operate, manage, control, be employed by, participate in, or be connected in any manner with the ownership, management, operation, or control of any competitive business similar to the type of business conducted by Arachnid."

Plaintiff's salary was increased to $100,000 annually effective May 1988.

In the fall of 1988 and winter of 1989, two principals in defendant corporation, Paul Beall and Michael Tillery, attempted to negotiate a buyout of their respective interests in Arachnid. Since negotiations failed, Beall and Tillery sought third-party purchasers. Plaintiff became concerned about his future as an Arachnid employee. On February 13, 1989, the parties supplemented plaintiff's employment contract in the event of plaintiff's severance. The agreement provided in pertinent portion as follows:

"1. Employee will continue to serve the Employer at the same or at an improved level of service as obtained prior to the exercise of the buy/sell agreement aforesaid, during and following the period of negotiation over such buy/sell agreement.

2. If after, but only after, a significant change in ownership of stock of the Employer *** Employee shall be fired by new management, or Employee shall find conditions of employment intolerable such that Employee terminates employment with Employer, then Employee shall be paid severance pay equal to six (6) months at Employee's present salary, to be paid on a bi-weekly basis during the six (6) months following such termination or discharge.

3. This Agreement shall apply only if such termination or discharge occurs within one (1) year after date hereof."

By letter from Tillery in his capacity as president of Arachnid, plaintiff's employment with defendant corporation was terminated effective May 2, 1989. The letter stated that plaintiff's termination was due to a steady decline in his performance level. Defendant agreed to pay plaintiff his regular salary through June 1, 1989.

On June 16, 1989, plaintiff filed a seven-count complaint against defendant. Count I, which sought damages for breach of the severance agreement, was amended on October 16, 1989. Defendant responded by filing a motion to dismiss count I pursuant to section 2–619(a)(4) of the Code of Civil Procedure. (735 ILCS 5/2—619(a)(4) (West 1992).) The motion referred to a decision by the Seventeenth Judicial Circuit confirming a decision by the board of review for the Department of Employment Security (DES) determining that plaintiff was not qualified for unemployment insurance benefits because he was discharged for "misconduct" connected with work as defined in section 602(A) of the Unemployment Insurance Act (the Act) (820 ILCS 405/602(A) (West 1992)). Defendant's motion asserted that plaintiff's action for breach of the severance agreement is barred under

the doctrine of *res judicata* by virtue of the ruling by the DES. Defendant's motion to dismiss count I was granted. Plaintiff's motion for a Rule 304(a) finding (134 Ill. 2d R. 304(a)) was granted and this appeal followed.

■■ Where the bases of recovery for separate counts are different and the trial court makes the requisite finding that there is no just reason to delay enforcement or appeal (134 Ill. 2d R. 304(a)), the dismissal of a single count is appealable because it disposes of a distinct cause of action. (*Viirre v. Zayre Stores, Inc.* (1991), 212 Ill. App. 3d 505, 512.) In count I, plaintiff seeks recovery for breach of the severance agreement. This is separate and distinct from the other six counts, which seek recovery for vacation accrual, loss of the option to purchase Arachnid shares, intentional infliction of emotional distress, libel, breach of privacy, and promissory estoppel. Therefore, plaintiff is entitled to appeal the section 2—619 dismissal of count I.

■ A section 2—619 motion provides a means of disposing of issues of law or easily proved issues of fact. (*Geick v. Kay* (1992), 236 Ill. App. 3d 868, 874.) This type of motion admits all well-pleaded facts alleged in the complaint and reasonable inferences drawn from those facts. (*Chicago Title & Trust Co. v. Weiss* (1992), 238 Ill. App. 3d 921, 924.) A complaint should not be dismissed under section 2—619 unless it clearly appears that no set of facts can be proved which would entitle the plaintiff to recover. *Elliott v. L R S L Enterprises, Inc.* (1992), 226 Ill. App. 3d 724, 728.

Defendant's section 2—619 motion asserted that plaintiff's cause of action for breach of the severance agreement is barred by a judgment of the circuit court which confirmed the decision of the DES board of review determining that plaintiff is not entitled to recover unemployment insurance benefits because he was discharged for misconduct connected with work defined by section 602(A) of the Act. (820 ILCS 405/602 (West 1992).) On appeal, plaintiff contends that his cause of action for breach of the severance agreement is not barred by the doctrine of *res judicata*.

The doctrine of *res judicata* precludes relitigation of claims or issues previously decided. It is divided into two branches: estoppel by judgment, sometimes referred to as *res judicata*, and estoppel by verdict, also known as collateral estoppel. (*Osborne v. Kelly* (1991), 207 Ill. App. 3d 488, 490.) Estoppel by judgment has a broad preclusive effect. A former adjudication will absolutely bar a subsequent identical cause of action between the same parties or their privies. (*Singer v. Brookman* (1991), 217 Ill. App. 3d 870, 875.) Issues actually raised in the first proceeding as well as issues that might have been raised

may not be relitigated in a subsequent proceeding. (*Elliott*, 226 Ill. App. 3d at 728.) The narrower branch of *res judicata*, estoppel by verdict or collateral estoppel, bars a party or a party in privity from relitigating issues essential to and actually decided in a prior proceeding. *Ekkert v. City of Lake Forest* (1992), 225 Ill. App. 3d 702, 706.

■■ Illinois courts have utilized two tests for determining whether the causes of action are the same for purposes of *res judicata*. Under the "same evidence test," *res judicata* bars a second suit if the evidence needed to sustain the second suit would have sustained the first, or if the same facts were essential to maintain both actions. The "transactional" approach considers whether both suits arise from the same transaction, incident, or factual situation. Under this theory, asserting different types of relief may be considered the same cause of action if a single group of operative facts gives rise to various types of relief. *Rodgers v. St. Mary's Hospital* (1992), 149 Ill. 2d 302, 312; *Felde v. Chrysler Credit Corp.* (1991), 219 Ill. App. 3d 530, 541.

■■ *Res judicata* and collateral estoppel apply to administrative decisions that are adjudicatory, judicial, or quasi-judicial in nature. (*McCulla v. Industrial Comm'n* (1992), 232 Ill. App. 3d 517, 520; *Osborne*, 207 Ill. App. 3d at 491.) After review of an administrative decision, the reviewing court's judgment is *res judicata* as to all issues raised before it, and all issues, which could have been raised on the record but were not, are deemed waived. *Pedigo v. Johnson* (1985), 130 Ill. App. 3d 392, 394.

The proceedings underlying the adjudication of unemployment claims are mandated by the Unemployment Insurance Act. (820 ILCS 405/700 *et seq.* (West 1992).) The Act provides for administrative (820 ILCS 405/800 through 806 (West 1992)) and judicial review (820 ILCS 405/1100 (West 1992)) of disputed claims where the parties are afforded a reasonable opportunity for a full hearing, on the record, where testimony under oath and other evidence may be presented by the parties. (820 ILCS 405/1000 through 1004 (West 1992).) As such, the DES proceedings are judicial in nature, and such proceedings are subject to the effects of *res judicata* and collateral estoppel. *Osborne*, 207 Ill. App. 3d at 491.

The Illinois Appellate Court has barred subsequent causes of action by applying the doctrines of *res judicata* or collateral estoppel to administrative decisions. In *Martinez v. Admiral Maintenance Service* (1987), 157 Ill. App. 3d 682, the board of review for the Department of Labor disqualified plaintiff from receiving unemployment benefits based on a finding that she was discharged for continued tardiness. Plaintiff subsequently filed a complaint for retaliatory dis-

charge asserting wrongful discharge for exercising her rights under the Workers' Compensation Act. (820 ILCS 305/1 *et seq.* (West 1992).) To prevail on a claim for retaliatory discharge, a plaintiff must prove that she was discharged in violation of a clearly mandated public policy. The appellate court found that the identical issue as to why the plaintiff was fired was presented in both the proceedings for unemployment compensation and on her claim for retaliatory discharge. Since the board of review previously determined that plaintiff was discharged for excessive tardiness, she was precluded from proving that she was discharged in violation of a clearly mandated public policy. The court in *Martinez* found that *res judicata* barred the plaintiff's cause of action for retaliatory discharge and affirmed the dismissal of plaintiff's complaint on this basis.

Similarly, in *Colvett v. L. Karp & Sons, Inc.* (1991), 211 Ill. App. 3d 731, the plaintiff filed an unemployment claim with the DES. After a hearing, the board of review reversed the referee's decision and held that plaintiff's actions in carrying furniture while allegedly disabled and accepting worker's compensation benefits was a "willful injury" to the employer which justified termination. Plaintiff subsequently filed a complaint for retaliatory discharge. Applying *Martinez,* the appellate court held that the doctrine of *res judicata* barred the plaintiff's cause of action since "the parties, the subject matter, and the cause of action were the same in the DES proceedings as in the present action" for retaliatory discharge. *Colvett,* 211 Ill. App. 3d at 733.

When faced with the identical issue in *Osborne* (207 Ill. App. 3d at 492), the court determined that the doctrine of estoppel by verdict, or collateral estoppel, barred the plaintiff's claim for retaliatory discharge. Since the DES board of review found that the plaintiff voluntarily left his employment, he was barred from relitigating the issue of whether he was discharged by the employer. The *Osborne* court declined to address the issue of whether the plaintiff's claim was barred by the doctrine of *res judicata,* or estoppel by judgment, and the validity of *Martinez. Osborne,* 207 Ill. App. 3d at 492.

In this case, plaintiff cites a recent supreme court case in support of his contention that the doctrine of *res judicata* does not bar his action for breach of the severance agreement. In *Mitchell v. Jewel Food Stores* (1990), 142 Ill. 2d 152, 172, our supreme court determined that *res judicata* did not bar an employer's claim for breach of an employment contract based upon the employee's alleged misconduct in light of an administrative decision awarding unemployment compensation. The court reasoned as follows:

"[T]he circuit court which heard plaintiff's unemployment compensation appeal 'was not required to, and did not, address the issue of whether "misconduct" under the [Unemployment Insurance] Act had the same meaning as "misconduct" sufficient to justify termination. \*\*\* [W]hether plaintiff committed "misconduct" under the Act is not the same question as plaintiff raised in the instant suit, namely, whether his termination was based on "just cause," which may include "dishonesty or other misconduct" as set forth in [defendant's] manual.' " *Mitchell*, 142 Ill. 2d at 172, quoting *Mitchell v. Jewel Food Stores* (1989), 189 Ill. App. 3d 450, 457.

■ We believe the rationale in *Mitchell* seriously undermines the *Martinez* and *Colvett* decisions. Plaintiff correctly distinguishes *Martinez, Colvett,* and *Osborne* from the present case and correctly cites *Mitchell* in support of his contention that the DES determination that plaintiff was discharged for misconduct connected with employment within the meaning of the Unemployment Insurance Act is not an essential element of his claim for breach of the severance agreement. Although the parties are the same in plaintiff's claim for unemployment compensation and for breach of the severance agreement, the causes of action are not identical, as determined by the *Mitchell* court. The facts necessary to sustain a favorable judgment for breach of the severance agreement would be that the parties agreed to give plaintiff severance pay under certain terms and conditions, that those conditions were met, and that defendant failed to perform under the terms of the agreement. This evidence would not have sustained nor been material to a judgment for unemployment compensation. Although the quasi-judicial determination by the DES that plaintiff was discharged for "injur[ing] employer's interests by attempting to get two other employees to compete with the employer" constituted misconduct connected with work defined by the Act (820 ILCS 405/602(A) (West 1992)), the DES adjudication did *not* refer to or construe the terms of the severance agreement. The express terms of the severance agreement provide that plaintiff will receive six months severance pay "[i]f after, but only after, a significant change in ownership of stock of the Employer [occurs and] Employee shall be fired by new management, or Employee shall find conditions of employment intolerable such that Employee terminates employment with Employer." The circuit court's decision on judicial review did not interpret or apply the terms of the severance agreement. Using either the "same evidence" or the "transactional" approach, the present action for

breach of the severance agreement is not barred under the doctrine of *res judicata*.

■ Likewise, plaintiff's cause of action for breach of the severance agreement is not barred by collateral estoppel. Collateral estoppel precludes relitigation of an issue in a subsequent proceeding where that issue was actually or necessarily decided by a court of competent jurisdiction in an earlier proceeding involving the same parties in a different cause of action. (*Frankel v. Otiswear, Inc.* (1991), 216 Ill. App. 3d 204, 212.) Collateral estoppel may be invoked only when the issue decided in the prior adjudication is identical in both actions (*People v. Scott* (1992), 148 Ill. 2d 479, 555), and the party against whom it is asserted had a full and fair opportunity to contest the issue which was determined in the prior proceeding (*McCulla*, 232 Ill. App. 3d at 520).

In this case, the circuit court on judicial review determined that plaintiff's employment was terminated because he "met with two co-workers to inquire as to whether they would like to join him in manufacturing a product to compete with the employer's product." Although the circuit court on judicial review determined that this meeting constituted "misconduct" within the meaning of the Unemployment Compensation Act (820 ILCS 405/620(A) (West)), it did not address whether plaintiff's conduct violated the terms of the severance agreement. Since there are facts not covered within the ambit of the administrative judgment denying unemployment compensation that may be proved which would entitle plaintiff to recover, the court erred in dismissing count I of plaintiff's complaint for breach of the severance agreement. *Elliott*, 226 Ill. App. 3d at 728.

For the foregoing reasons, we reverse the judgment of the circuit court of Winnebago County and remand this cause to the circuit court for further proceedings in conformance with the opinion of this court.

Reversed and remanded.

INGLIS, P.J., and GEIGER, J., concur.