ARLIE J. REIN *et al.*, Plaintiffs-Appellants, v. DAVID A. NOYES AND COMPANY *et al.*, Defendants-Appellees.

Second District   No. 2—91—0992

Opinion filed April 6, 1992.—Rehearing denied July 31, 1992.

Richard W. Husted, of Dundee, for appellants.

William J. Foote, of Dreyer, Foote, Streit, Furgason & Slocum, P.A., of Aurora, and James J. Moylan and Bonnie L. MacFarlane, both of James J. Moylan & Associates, Ltd., of Chicago, for appellees.

JUSTICE GEIGER delivered the opinion of the court:

In 1990, the plaintiffs Arlie and Brenda Rein, Robert and Donald Miller, and Lorraine Fehrmann filed separate complaints against the corporate defendant, David A. Noyes and Company (Noyes), and its agents John Rath and Ronald Ainsworth, alleging that the defendants fraudulently misrepresented the character of securities that they sold to the plaintiffs in 1985. The trial judge ruled that the count of each complaint seeking rescission of the purchase pursuant to section 13 of the Illinois Securities Law of 1953 (the Act) (Ill. Rev. Stat. 1989, ch. 121½, par. 137.13) was barred by the applicable statute of limitations (Ill. Rev. Stat. 1989, ch. 121½, par. 137.13). After obtaining the voluntary dismissal of the remaining counts of their complaints, the plaintiffs brought this appeal.

The plaintiffs argue that the trial court erred in holding that their claims for rescission were time-barred. Specifically, they assert that the claims were timely because they were filed within five years of January 1, 1986, the effective date of the current limitation provision. We find this argument contrary to the plain language and intent of the statute of limitations (which is also a statute of repose). We therefore affirm the trial court's dismissal of the rescission counts of the complaints.

On October 11, 1990, the Reins and Millers filed an eight-count complaint (essentially two, four-count complaints tacked together) against Noyes and Rath. Counts I and V alleged that the plaintiffs were customers of Noyes, a securities dealer for whom Rath was a salesman, and that "during the year 1985," at the defendants' urging, the plaintiffs bought and paid for certain securities known as "City of Richmond, Indiana Economic Development Revenue Bonds" (Richmond bonds) and dated June 20, 1985. They also alleged that, in violation of sections 12F and 12G of the Act (Ill. Rev. Stat. 1989, ch. 121½, pars. 137.12F, G), the defendants willfully, fraudulently, and deceitfully caused the plaintiffs to believe that these bonds were municipal bonds and not actually high-risk investments in a private hotel project on which the City of Richmond was not liable to pay interest or principal. The plaintiffs claim they were entitled to rescind the purchases pursuant to section 13 of the Act, giving notice of their intent to rescind within six months of having obtained knowledge that the sale was voidable.

Counts II and VI of the Rein-Miller complaint sought recovery under a theory of common-law fraud and the defendants' failure to register the securities as required by the Act. Counts III and VII sought

punitive damages. Counts IV and VIII asserted that the defendants breached their fiduciary duty to the plaintiffs. Counts II through VIII were based on the same factual allegations as count I. However, count II asserted that the sale of the securities to the Reins took place on or about October 30, 1985. Count VI asserted that the sale to the Millers took place on or about June 20, 1985.

On December 27, 1990, Lorraine Fehrmann filed a four-count complaint against Noyes and its agent Ronald Ainsworth, based on similar allegations that "during the year 1985," the defendants willfully and fraudulently induced her to purchase the Richmond bonds. The first count of Fehrmann's complaint, styled "Count IX," sought rescission under the same theory as the Miller-Rein complaint. Count X asserted that the sale of the securities to Fehrmann took place on October 29, 1985. In all respects, the legal basis of each of the four counts of the Fehrmann complaint was the same as that of the analogous counts of the Miller-Rein complaint.

The defendants moved pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(5)) to dismiss the rescission counts of the complaints (counts I, V, and IX) as barred by the applicable statute of limitations:

"No action shall be brought for relief under this Section *** after 3 years from the date of sale; provided, that if the party bringing the action neither knew nor in the exercise of reasonable diligence should have known of any alleged violation of subsection E, F, G, H, I, or J of Section 12 of this Act which is the basis for the action, the 3 year period provided herein shall begin to run upon the earlier of

(1) the date upon which the party bringing such action has actual knowledge of the alleged violation of this Act; or

(2) the date upon which the party bringing such action has notice of facts which in the exercise of reasonable diligence would lead to actual knowledge of the alleged violation of this Act; but in no event shall the period of limitation so extended be more than 2 years beyond the expiration of the 3 year period otherwise applicable." Ill. Rev. Stat. 1989, ch. 121½, par. 137.13D.

The trial judge agreed that the rescission counts were barred by this provision, finding specifically that the suits were brought more than five years after the sale, the outer limit of the limitation provision. The trial court refused to certify that there was no just reason to delay enforcement or appeal of the dismissal of the counts (see 134 Ill. 2d R. 304(a)). The plaintiffs obtained a valid voluntary dismissal of

the remaining counts of their complaints (see Ill. Rev. Stat. 1989, ch. 110, par. 2—1009) and brought this appeal.

■ Initially we note that we have jurisdiction to hear this appeal. Although the dismissal of the rescission counts was not at the time appealable, the voluntary dismissal of the remaining counts left nothing pending before the trial court. The dismissal of the rescission counts with prejudice thus became final and appealable as of the date of the voluntary dismissal of the remaining counts of the complaints (134 Ill. 2d R. 301). The plaintiffs appealed timely, and we may reach the merits of their appeal.

The plaintiffs acknowledge that their complaints were not filed within three years of the allegedly fraudulent sales. They also acknowledge that the rescission counts contain no well-pleaded allegations that the defendants fraudulently concealed the plaintiffs' cause of action. The plaintiffs also do not invoke the discovery rule that would delay the running of the three-year period of limitations under section 13D of the Act. Furthermore, it does not appear that the plaintiffs take issue with the trial court's factual finding that their suits were filed more than five years after the allegedly fraudulent sales.

Notwithstanding all of these considerations, the plaintiffs maintain that under *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, and *Costello v. Unarco Industries, Inc.* (1986), 111 Ill. 2d 476, the stricken counts were timely because they were filed within five years of the effective date of the present statute of limitations. We find this argument without merit.

■ Under the previous statute of limitations, the plaintiffs' actions for rescission clearly would have been barred. This is because the prior statute flatly stated that "[n]o action shall be brought for relief under this Section *** after 3 years from the date of sale." (Ill. Rev. Stat. 1985, ch. 121½, par. 137.13D.) As both the language of the new statute and the accompanying interpretive comments make clear, the effect of the new statute is to *lengthen* the time in which such a suit may be filed, provided that plaintiffs properly allege and demonstrate the requisite grounds. The amendments *"lengthen the statute of limitations* for actions involving fraudulent activities by an equitable tolling of *up to an additional two years."* (Emphasis added.) (Ill. Ann. Stat., ch. 121½, par. 137.13, Interpretive Comments, at 127 (Smith-Hurd Supp. 1991).) "This tolling amendment was designed to particularly cover cases of fraudulent concealment or so-called 'lulling' activities by promoters. Heretofore, the three-year statute of limitations could be an absolute bar to an action even if discovery was not rea-

sonable or subverted." Ill. Ann. Stat., ch. 121½, par. 137.13, Interpretive Comments, at 128 (Smith-Hurd Supp. 1991).

■ The limitations statute also operates as a statute of repose, barring all claims such as the plaintiffs' filed more than five years after the sale. A period of repose is one which is intended to terminate the possibility of liability after a defined period regardless of a potential plaintiff's lack of knowledge of his cause of action. (*Zimmerman v. Abbott Laboratories, Inc.* (1989), 189 Ill. App. 3d 744, 747; *Blazek v. Nicolet, Inc.* (1988), 173 Ill. App. 3d 324, 329.) We agree with the Federal court in *Davenport v. A.C. Davenport & Son Co.* (7th Cir. 1990), 903 F.2d 1139, 1142, that the language of the old statute, especially considered in light of the interpretive comments that we have quoted, demonstrates that the old statute imposed a three-year period of repose. For similar reasons, we conclude that the new limitations statute unambiguously imposes a five-year period of repose.

The Millers and Fehrmann alleged that the supposedly fraudulent sales to them occurred more than five years before their complaints were filed. Based on the pleadings available at the time of the defendants' motion to dismiss their rescission counts, the trial judge correctly dismissed these counts. She would have been correct to do so even had the rescission counts properly pleaded facts invoking the maximum two-year extension of the three-year limitations period.

■ Although the Reins did allege (in a count later voluntarily dismissed) that the sale to them took place at a time within the five-year period of repose, this would not suffice to bring their rescission count within the limitations period. Without doubt, the Reins filed their complaint more than three years after the allegedly fraudulent sale. Count I did not allege any facts to invoke the equitable tolling provisions of section 13D of the Act. The plain language of the limitations provision thus barred their count for rescission.

The plaintiffs argue, however, that because the new limitations period went into effect on January 1, 1986, they had a "reasonable time" in which to file their rescission complaint and that this "reasonable time" was five years, the "outer limit" of the new statute of repose. Plaintiffs assert that *Mega v. Holy Cross Hospital* (1986), 111 Ill. 2d 416, establishes this principle. We find nothing in that case remotely so suggesting. *Mega* does state the principle that in the wake of a statute shortening a limitations period, a plaintiff whose cause of action arose before that date will be allowed a reasonable time in which to bring his action. (*Mega*, 111 Ill. 2d at 420.) The court then held that the plaintiffs' cause of action was time-barred under a medical malpractice statute of limitations because the plaintiffs did not file

their claim until after the "outer limit" provided by the new repose period. The court, recognizing the nature of statutes of repose, concluded quite reasonably that the plaintiffs had waited an unreasonable time to file their claim. That a period in excess of the statute of repose is self-evidently unreasonable does not imply that any period within the new statute of repose is necessarily reasonable.

The *Mega* holding does not support the plaintiffs here. Indeed, *Mega* states that where a reasonable time remains under a new statute, that new period will be applied without more. (*Mega*, 111 Ill. 2d at 420-21.) The new statute in the case at bar was adopted only a short time after the sales in question; more importantly, it did not shorten, but if anything lengthened, the period of time in which the plaintiffs could bring their actions for rescission. *Costello v. Unarco Industries, Inc.* (1986), 111 Ill. 2d 476, involving a statutory version of the discovery rule not applicable to the case at bar, is similarly irrelevant to the case at bar. The present case involves a distinct limitations statute with its own language. This language is straightforward and unambiguously bars all the plaintiffs' causes of action for rescission.

Finally, plaintiffs urge us to follow *Pucci v. Santi* (N.D. Ill. 1989), 711 F. Supp. 916, which held the current statute of limitations did not bar complaints filed about six years after the allegedly fraudulent sales. Leaving aside the question of whether we should defer to a Federal trial court's interpretation of our State statute, we find *Pucci* both unpersuasive and distinguishable.

The *Pucci* court initially held that because the previous statute of limitations provided for equitable tolling based on the discovery rule or fraudulent concealment, the new statute thus shortened the period applicable to the plaintiffs' claims. For reasons we have set forth above, we reject this interpretation of the statute. Additionally, the plaintiffs in *Pucci* (unlike the plaintiffs here) raised the issue of fraudulent concealment by a well-pleaded allegation of the existence of a fiduciary lawyer-client duty. Concluding that the time that the plaintiffs would have to file their claims under the new statute would be four months, the court held that this period was not reasonable because the plaintiffs properly pleaded that they did not discover the defendants' wrongdoing until after the new limitation period would have run; the court concluded that this four-month period was unreasonable. The *Pucci* court then read *Mega* and *Costello*, incorrectly in our view, to hold that where a statute of repose replaces a statute of limitations, a plaintiff whose claim would not have been barred under the statute of limitations has from the effective date of the amend-

ment to the end of the repose period to file his claim. *Pucci*, 711 F. Supp. at 924-25.

The plaintiffs assert that they are entitled to extra time to file their rescission claims merely because of a fortuitous change in the statute of limitations which in no way prejudiced their ability to sue in time. We refuse to accept an argument that would do violence to the plain meaning of section 13D of the Act and to the purpose of statutes of repose generally.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

DUNN and BOWMAN, JJ., concur.