GREG ELLEDGE *et al.*, Plaintiffs-Appellants, v. RICHARD W. REICHERT, Indiv. and d/b/a R.W. Reichert Trucking, Defendant-Appellee.—GREG ELLEDGE *et al.*, Plaintiffs-Appellees, v. RICHARD W. REICHERT, d/b/a R.W. Reichert Trucking, Defendant-Appellant.

Fourth District Nos. 4—92—0799, 4—92—0848 cons.

Argued May 19, 1993.—Opinion filed September 9, 1993.

Raymond J. Watson, Jr. (argued), of Springfield, and Charles W. Scholz, of Scholz, Staff & Palmer, of Quincy, for Greg Elledge, Ron Altheide, Gary Jones, George Adduci, Charles E. Dailing, and Darryl Schneider.

Stanley E. Niew (argued), of Niew & Associates, P.C., of Hinsdale, and Barney S. Bier, of Bier & Bier, of Quincy, for Richard W. Reichert.

Michael W. Duffee, of Katten, Muchin & Zavis, of Chicago, for *amicus curiae*.

JUSTICE KNECHT delivered the opinion of the court:

This appeal involves the interpretation and application of section 3 of the Prevailing Wage Act (Wage Act) (Ill. Rev. Stat. 1991, ch. 48, par. 39s—3), which provides:

"Not less than the general prevailing rate of hourly wages for work of a similar character on public works in the locality in which the work is performed, and not less than the general prevailing rate of hourly wages for legal holiday and overtime work, shall be paid to all laborers, workers and mechanics employed by or on behalf of any public body engaged in the construction of public works. Only such laborers, workers and mechanics as are directly employed by contractors or subcontractors in actual construction work on the site of the building or construction job, and laborers, workers and mechanics engaged in the transportation of materials and equipment to or from the site, *but not including the transportation by the sellers and suppliers* or the manufacture or processing of materials or equipment, in the execution of any contract or contracts for public works with any public body shall be deemed to be employed upon public works." (Emphasis added.)

In 1990, the Department of Transportation awarded Sparks & Wiewel Construction Company (Sparks) a construction contract to build a portion of Route 408 near Quincy, Illinois. Sparks contracted with Adams Stone & Materials, Inc. (Adams), to supply dirt and stone to the project. Adams, in turn, entered into an oral agreement with defendant to transport the material to the project. Plaintiffs were hired as truck drivers by defendant to transport the material from the quarry to the project.

Plaintiffs would drive their trucks to the quarry, where Adams' employees would load the trucks with dirt and rock. They then would haul the material to the construction site, where "spotters," employ-

ees of Sparks, would direct them where to dump their loads. The material would be unloaded directly onto the construction site at the location where it was to be utilized. After unloading the material, bulldozers would spread and compact the dirt where it was unloaded. Plaintiffs would then return to the quarry for another load and repeat the process.

Based on their activities at the construction site, plaintiffs filed six separate actions (Sangamon County case Nos. 91—LM—194 through 91—LM—199) against defendant pursuant to section 11 of the Wage Act, seeking to recover back wages for defendant's alleged failure to comply with the Wage Act and pay them prevailing wages. (Ill. Rev. Stat. 1991, ch. 48, par. 39s—11.) These actions were consolidated, and the parties filed cross-motions for summary judgment. The trial court granted summary judgment in favor of defendant and denied plaintiffs' motion. The court found plaintiffs were excluded from the provisions of the Wage Act and were therefore not entitled to prevailing wages since they were employed by defendant, who was transporting materials for a supplier. The court further determined plaintiffs were not employed or engaged in construction by virtue of dumping materials onto the roadbed. Rather, they were engaged in the transportation of materials which were delivered onto the jobsite for incorporation into the construction project.

Plaintiffs appeal the trial court's ruling, arguing they were engaged in construction, rather than merely transporting materials to the construction project. In their brief, plaintiffs acknowledge if they did nothing more than deliver materials to the project, they would be exempt from the coverage of the Wage Act. However, by properly focusing on the activities they performed at the construction site, plaintiffs allege they did more than merely deliver materials because "their actions constituted an integral part of, and were functionally related to, the construction process," thereby entitling them to prevailing wages.

Conversely, defendant and *amicus curiae*, Associated General Contractors of Illinois, contend the trial court correctly interpreted the Wage Act to exclude plaintiffs' activities from its coverage. They argue plaintiffs merely delivered materials to the construction project and did not engage in any jobsite or construction work. They dispute plaintiffs' allegation they "spread" dirt at the project and argue any "spreading" done by the truck drivers was incidental to the dumping process and not the type of spreading which is a part of the construction process. Any actual spreading done was performed by Sparks' bulldozers, not defendant's truck drivers. They further contend plain-

tiffs' "functionally related" test should be rejected because it is incongruous with the express language of the Wage Act, and to accept plaintiffs' argument would subject all suppliers to the provisions of the Wage Act because all supplies delivered are integral to the construction project, can be used immediately and, in the case of rock or dirt, involve some "spreading." Since plaintiffs merely delivered materials to the construction site, defendant and *amicus* contend under the plain language of the Wage Act plaintiffs are excluded from its coverage.

The principal issue then before this court is whether by virtue of their activities at the construction site plaintiffs are entitled to prevailing wages under the Wage Act. This court addressed the identical issue in *Sparks & Wiewel Construction Co. v. Martin* (1993,), 250 Ill. App. 3d 955, 967-68. In *Sparks*, Richard Reichert, d/b/a R.W. Reichert Trucking (Reichert or defendant), the defendant in the present action, filed a complaint in the circuit court of Sangamon County (Sangamon County case No. 91—MR—26) seeking declaratory and injunctive relief against the Director of the Department of Labor (Department) regarding the Department's interpretation and enforcement of the Wage Act. Reichert specifically sought a determination truck drivers employed by him to haul material to the construction project, plaintiffs in the present case, were not entitled to prevailing wages under the Wage Act. The circuit court concluded Reichert was exempt from the provisions of the Wage Act, and the Director of the Department appealed that decision to this court. See *Sparks*, 250 Ill. App. 3d at 960.

Since the identical issue and facts are presented in the two cases, our decision in the present case is guided by our resolution of Sparks. There, we determined defendant's truck drivers were not covered by the Wage Act. (See *Sparks*, 250 Ill. App. 3d at 966.) For the reasons we explained in *Sparks*, we conclude plaintiffs are not entitled to prevailing wages under the Wage Act and find the trial court's entry of summary judgment in favor of defendant was appropriate.

Following the trial court's entry of summary judgment, defendant filed a motion for sanctions pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137), seeking attorney fees. The trial court denied the motion. On appeal, defendant argues the trial court abused its discretion in denying his motion for sanctions. First, defendant maintains an independent review of the law demonstrates plaintiffs' claims were not warranted by existing law because they were contrary to the clear language of the statute, nor was there a basis to argue for an extension or modification of existing law. Since the statute is clear, defend-

ant contends it is "impermissible to knowingly advance a claim that flies in the face of the plain meaning of the statute." Second, defendant argues the court applied a "good-faith" standard in ruling on the motion, contrary to the mandates of Rule 137. By reply brief, defendant alternatively argues the court's failure to make any findings or state reasons for denying the motion, as he contends is required by Rule 137, requires reversal and remand with instructions directing the court to make such findings or state reasons therefor.

Rule 137 provides, in pertinent part, as follows:

> "Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. \*\*\* The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief *formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law*, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. \*\*\* If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee." (Emphasis added.) 134 Ill. 2d R. 137.

■ Rule 137 is penal in nature, and its provisions must be strictly construed. (*North Shore Sign Co. v. Signature Design Group, Inc.* (1992), 237 Ill. App. 3d 782, 790, 604 N.E.2d 1157, 1162; *In re Marriage of Sykes* (1992), 231 Ill. App. 3d 940, 946, 596 N.E.2d 1226, 1230; *Lewy v. Koeckritz International, Inc.* (1991), 211 Ill. App. 3d 330, 334, 570 N.E.2d 361, 365.) Its purpose, like that of its predecessor, section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—611), is to prevent the filing of frivolous or false lawsuits without a legal or factual foundation (*North Shore*, 237 Ill. App. 3d at 790, 604 N.E.2d at 1162; *Sykes*, 231 Ill. App. 3d at 946, 596 N.E. 2d at 1230), not to penalize litigants and their attorneys simply because they were unsuccessful in the litigation. *Sykes*, 231 Ill.

App. 3d at 946, 596 N.E.2d at 1230-31; *Couri v. Korn* (1990), 202 Ill. App. 3d 848, 857, 560 N.E.2d 379, 386.

The standard to be used in determining whether a violation has occurred is an objective standard of what was reasonable under the circumstances existing at the time of the filing. (*Sykes*, 231 Ill. App. 3d at 946, 596 N.E.2d at 1231; *Lewy*, 211 Ill. App. 3d at 334, 570 N.E.2d at 364-65; *Couri*, 202 Ill. App. 3d at 856, 560 N.E.2d at 385.) The decision whether to award fees rests in the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Sykes*, 231 Ill. App. 3d at 946, 596 N.E.2d at 1231; *North Shore*, 237 Ill. App. 3d at 790, 604 N.E.2d at 1163; *Olsen v. Celano* (1992), 234 Ill. App. 3d 1045, 1053, 600 N.E.2d 1257, 1262; see also *Yassin v. Certified Grocers of Illinois, Inc.* (1990), 133 Ill. 2d 458, 467, 551 N.E.2d 1319, 1323; *In re Estate of Wernick* (1989), 127 Ill. 2d 61, 77-78, 535 N.E.2d 876, 883.

■ Based on these principles, the trial court did not abuse its discretion in denying defendant's motion for attorney fees. At the time the lawsuit was filed, no case law existed in Illinois interpreting the statute, and plaintiffs' position they were covered under the Wage Act by virtue of dumping material on the construction site was consistent with and supported by the Department's interpretation of the Wage Act, as well as an Attorney General's opinion on point (see 1964 Ill. Att'y Gen. Op. 86). The present case was therefore one of first impression and reasonable inquiry into the law would have resulted in a finding there was a basis for plaintiffs' interpretation of the Wage Act. Under the circumstances, the trial court's refusal to impose sanctions was therefore appropriate. Moreover, we note the fact plaintiffs' argument was ultimately unsuccessful does not warrant an award of attorney fees (see *Olsen*, 234 Ill. App. 3d at 1053, 600 N.E.2d at 1262; *Couri*, 202 Ill. App. 3d at 855, 560 N.E.2d at 386), nor was it *per se* unreasonable to pursue the claim even though defendant had a strong defense (*Sykes*, 231 Ill. App. 3d at 949, 596 N.E.2d at 1232).

We also reject defendant's argument the trial court applied a good-faith standard in deciding defendant's motion. Defendant is correct a test of good faith does not comport with the affirmative obligation of Rule 137 to make a reasonable inquiry prior to the filing of the pleadings. (*In re Marriage of Irvine* (1991), 215 Ill. App. 3d 629, 638, 577 N.E.2d 462, 468.) Rather, as noted, the court must use an objective standard to determine whether a particular inquiry was reasonable based upon the circumstances that existed at the time the pleadings were filed. *Irvine*, 215 Ill. App. 3d at 638, 577 N.E.2d at 468.

Defendant argues because the trial court allegedly concluded plaintiffs' lawsuits were frivolous, yet found lawsuits based upon the Department's erroneous interpretation of the Wage Act were not sanctionable, it applied a good-faith standard. First, the trial court did not find the lawsuits were frivolous, but rather stated it could be *argued* the lawsuits were frivolous. In pronouncing its ruling at the hearing on the motion, the court did state "I think there is no basis for this Court to conclude [the issue in the present case was] not brought to bear *** in good faith." While the court referenced the good faith of plaintiffs, this statement in context does not suggest the court applied the wrong standard. In defending against the motion for sanctions, plaintiffs contended their complaint argued for the extension, modification, or reversal of existing law. As Rule 137 states, this must be based on a "good-faith" argument. In noting that the lawsuit was brought in good faith, the court could have been referring to this aspect of Rule 137. Moreover, before making the above statement, the court also asserted sanctions were inappropriate because resolution of the issue was not "a clear-cut matter of decided law," which indicates the court was applying an objective standard. Further, even had the court applied a good-faith standard, the error would be harmless as there is ample evidence to indicate under an objective standard plaintiffs' complaints were reasonably based on the law as it existed at the time of the filing of the complaints.

▆ As to whether the trial court erred in denying defendant's motion for sanctions by failing to make any findings or state any reasons for denying it "as required," we find defendant has waived this issue for purposes of appeal by first advancing it in his reply brief. Having failed to raise the issue in his initial brief, he cannot now raise it in his reply brief. See 134 Ill. 2d Rules 341(e)(7), (g); *In re Liquidations of Reserve Insurance Co.* (1988), 122 Ill. 2d 555, 568, 524 N.E.2d 538, 544; *Obenland v. Economy Fire & Casualty Co.* (1992), 234 Ill. App. 3d 99, 113, 599 N.E.2d 999, 1007.

Even if the issue were not waived, we find it meritless. Before imposing a sanction, the court is required to "set forth with specificity the reasons and basis *of any sanction* so imposed either in the judgment order itself or in a separate written order." (Emphasis added.) (134 Ill. 2d R. 137.) If sanctions are not imposed, as in the present case, providing reasons for the denial is not required.

Moreover, while the trial court did not specify reasons for denying defendant's motion in its *written order*, the court stated its reasons for denying the motion at the conclusion of the hearing, and its judgment is reviewable based on the transcript of this hearing. As previ-

ously stated, we find the trial court did not abuse its discretion in denying the motion.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

STEIGMANN, P.J., and McCULLOUGH, J., concur.