ARLIE J. REIN *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. DAVID A. NOYES AND COMPANY *et al.*, Defendants-Appellees and Cross-Appellants.

Second District    No. 2—93—1454

Opinion filed April 13, 1995.

James E. Beckley, of James E. Beckley & Associates, of Wheaton, and Richard W. Husted, of Dundee, for appellants.

William J. Foote and David W. Schopp, both of Dreyer, Foote, Streit, Furgason & Slocum, P.A., of Aurora, for appellees.

JUSTICE DOYLE delivered the opinion of the court:

Plaintiffs, Arlie J. Rein, Brenda H. Rein, Robert H. Miller, Donald C. Miller and Lorraine Fehrmann, appeal from a trial court order dismissing their multicount complaint against defendants, David A. Noyes & Company, John F. Rath and Ronald E. Ainsworth, pursuant to section 2—619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—619 (West 1992)). Defendants cross-appeal from the trial court's

denial of their request for sanctions pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137).

This constitutes the second appeal stemming from the purchase of securities by the plaintiffs from defendants. (See *Rein v. David A. Noyes & Co.* (1992), 230 Ill. App. 3d 12 (*Rein I*).) The facts involved in this controversy were set forth in *Rein I*, and, as the parties are fully acquainted with them, we will set forth only those facts necessary to an understanding of the present disposition.

The complaint in *Rein I* consisted of counts seeking rescission of plaintiffs' securities purchases pursuant to section 13 of the Illinois Securities Law of 1953 (Act) (815 ILCS 5/13 (West 1992)) (hereinafter statutory counts). They also sought recovery under theories of common-law fraud, breach of fiduciary duty, and failure to register the securities and requested punitive damages (hereinafter common-law counts). The trial court granted defendants' motion to dismiss the statutory counts as barred by the applicable statute of limitations (815 ILCS 5/13 (West 1992)). The trial court refused to make a Rule 304(a) finding (134 Ill. 2d R. 304(a)). On August 23, 1991, plaintiffs voluntarily dismissed the common-law counts of the complaint and brought an appeal. On appeal, this court affirmed the decision of the trial court. *Rein*, 230 Ill. App. 3d 12.

Over one year later, on March 17, 1993, plaintiffs filed a multi-count complaint against defendants, again alleging the purchase and sale of securities and again raising the rescission and common-law counts. Defendants filed a motion to dismiss the new complaint pursuant to section 2—619 of the Code (735 ILCS 5/2—619 (West 1992)). In their motion, defendants alleged that the rescission counts were barred by the doctrine of *res judicata*, as the result of this court's decision in *Rein I*. Defendants further alleged that the common-law counts were barred by the five-year statute of limitations set forth in section 13—205 of the Code of Civil Procedure (735 ILCS 5/13—205 (West 1992)), as well as by the doctrine of *res judicata*. Defendants also sought sanctions pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137).

The trial court granted defendants' motion to dismiss both the statutory counts and the common-law counts based upon the doctrine of *res judicata* and the applicable statute of limitations. The trial court denied plaintiffs' motion to make the final judgment more specific. The trial court also denied defendants' motion for sanctions pursuant to Rule 137, stating as follows:

"I haven't imposed sanctions since I left divorce court some four years ago. There is some pause that I might have as to whether or not this case had a basis in fact that would avoid the—or in law

that would avoid the imposition of 137 sanctions as established by the record, and therefore, I will deny the request for sanctions." This appeal and cross-appeal followed.

During the pendency of this appeal, defendants filed a motion for sanctions pursuant to Supreme Court Rule 375(b) (134 Ill. 2d R. 375(b)). We ordered that motion taken with the case.

Curiously, following oral argument in this case, plaintiffs filed a motion for leave to file response to unanswered questions on oral argument. Defendants filed objections to plaintiffs' motion. Plaintiffs, in turn, filed a motion for leave to respond to defendants' objections, to which defendants filed objections. Finally, plaintiffs filed a motion to strike defendants' defenses for want of jurisdiction.

We deny all motions filed by plaintiffs following oral arguments in this case.

The sole issue raised on the direct appeal is whether the trial court erred in dismissing plaintiffs' complaint.

## STATUTORY COUNTS

Plaintiffs contend that the issue raised and determined in *Rein I* was that their claims were time barred by section 13 of the Act, whereas the issue they raise in their present lawsuit is whether the principle of equitable estoppel overrides the statute of limitations defense. Thus, plaintiffs maintain that the doctrine of *res judicata* would not bar the rescission counts in the present suit. We disagree.

■ The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any future actions between the same parties or their privies on the same cause of action. (*Elliott v. LRSL Enterprises, Inc.* (1992), 226 Ill. App. 3d 724, 728.) The doctrine prohibits the relitigation not only of those issues which were actually raised in the first proceeding but also any issue that might have been raised. (*Elliott*, 226 Ill. App. 3d at 728.) The doctrine serves to promote judicial economy by requiring parties to litigate, in one case, all rights arising out of the same set of operative facts and further prevents the unjust burden that would result if a party would be forced to litigate continually what is essentially the same case. *Knodle v. Jeffrey* (1989), 189 Ill. App. 3d 877, 885.

■ Plaintiffs clearly could have raised the principle of equitable estoppel in response to the statute of limitations defense raised by defendants in *Rein I*. Therefore, the trial court properly dismissed the statutory counts.

## COMMON-LAW COUNTS

In *Rein I*, after the trial court denied plaintiffs' motion for a Rule

304(a) finding, plaintiffs voluntarily dismissed the common-law counts pursuant to section 2—1009 of the Code (735 ILCS 5/2—1009 (West 1992)). Following their unsuccessful appeal to this court of the trial court's dismissal of the statutory rescission counts, plaintiffs now contend that they had a right, by virtue of section 2—1009, to refile the common-law counts. Plaintiffs argue that because there was no final judgment adjudicating the merits of the voluntarily dismissed counts they are not barred by *res judicata.*

■ In response, defendants argue that plaintiffs' voluntary dismissal and subsequent refiling of the common-law counts amounts to claim splitting. Like most States, as a matter of public policy, Illinois generally does not permit the splitting of a cause of action. *Thorleif Larsen & Son, Inc. v. PPG Industries, Inc.* (1988), 177 Ill. App. 3d 656, 662.

The rule against claim splitting is closely related to the doctrine of *res judicata.* (*Thorleif Larsen & Son, Inc.,* 177 Ill. App. 3d at 662.) The policies underlying the doctrine of *res judicata* are the protection of the defendant from harassment and of the public from multiple litigation. The rule against splitting a cause of action has been relaxed where there was an omission due to ignorance, mistake, or fraud, or where it would be inequitable to apply the rule. 177 Ill. App. 3d at 662.

■ In *Airtite v. DPR Ltd. Partnership* (1994), 265 Ill. App. 3d 214, the court held that *res judicata* did not apply to bar an independent claim of part of the same cause of action under certain circumstances, two of which were: (1) where the parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein; or (2) the court in the first action expressly reserves the plaintiff's right to maintain the second action. *Airtite,* 265 Ill. App. 3d at 219.

■ In the present case, nothing in the record indicates that the parties stipulated to plaintiffs' refiling of the common-law counts. Nor is this a situation such as existed in *Airtite* where the defendants by their failure to appear at a proceeding were deemed to have acquiesced to Airtite's apparent decision to split its claims. Here, defendants were present at the time plaintiffs moved for a voluntary dismissal of their common-law counts. The fact that defendants did not object to plaintiffs' motion cannot be deemed an acquiescence to plaintiffs' later attempt to split their claim. Until such time as plaintiffs attempted to refile the common-law counts, no reason existed for defendants to object. In fact, defendants objected at the proper time, *i.e.,* when plaintiffs attempted to refile the counts as a new action. Moreover, the court's routine granting, under section

2—1009 of the Code (735 ILCS 5/2—1009 (West 1992)), of plaintiffs' motion to dismiss voluntarily the common-law counts, "without prejudice," could not be interpreted as immunizing plaintiffs against legitimate defenses defendants might assert upon plaintiffs' refiling of the counts. Accordingly, we do not believe that either of the two circumstances set forth in *Airtite*, which we have mentioned above, precluded the application of the doctrine of *res judicata* as a defense to plaintiffs' refiling of the common-law counts following a final adjudication of the statutory counts.

*Res judicata* bars a second suit if the matter could have been decided in the first. (*Best Coin-Op, Inc. v. Paul F. Ilg Supply Co.* (1989), 189 Ill. App. 3d 638, 657.) Where a demand or right of action is in its nature entirely indivisible, it cannot be split into several causes of action and made the basis of many separate suits. (189 Ill. App. 3d at 657.) An assertion of different kinds of theories of relief still constitutes a single cause of action if a single group of operative facts gives rise to the claim for relief. (*Radosta v. Chrysler Corp.* (1982), 110 Ill. App. 3d 1066, 1069.) In this case, plaintiffs asserted different theories of relief in their rescission and common-law counts, but all counts were based on the same operative facts. Thus, upon final adjudication of the rescission counts in *Rein I*, the doctrine of *res judicata* barred the litigation of plaintiffs' common-law counts because those counts could have been raised and litigated in *Rein I*.

Under the rule against claim splitting, a plaintiff is not permitted to sue for part of a claim in one action and then sue for the remainder in another action. (*Best Coin-Op*, 189 Ill. 3d at 657.) To allow otherwise is to permit a plaintiff to engage in piecemeal litigation, which is generally not permitted in Illinois as a matter of public policy (*Radosta*, 110 Ill. App. 3d at 1068). This rule is founded upon the plainest and most substantial justice, that litigation should have an end and that no person shall be unnecessarily harassed with a multiplicity of lawsuits. 110 Ill. App. 3d at 1069.

If a plaintiff were permitted to proceed as plaintiffs have attempted here, he or she could file an action with multiple counts and theories, dismiss some but not all theories, carry the undismissed counts to a final conclusion, and, if unsuccessful, refile the previously dismissed counts. Such a practice would not only impair judicial economy but would also force a party to litigate repeatedly what is essentially the same case. It would defeat the public policy principles upon which the doctrine of *res judicata* was founded.

We recognize that reasonable minds might perceive an incongruity between the principle of claim splitting, as we have applied it, and the language of section 2—1009 authorizing the refiling of an ac-

tion within one year of its voluntary dismissal without prejudice. However, as we have noted, it is our view that section 2—1009 was not intended to immunize automatically a plaintiff against the bar of *res judicata* resulting from a final adjudication of the same claim prior to the refiling of the voluntarily dismissed counts. A contrary interpretation would permit a plaintiff to circumvent a trial court's denial of a Rule 304(a) finding by permitting the plaintiff to dismiss remaining counts and, as attempted here, to resurrect them following an unsuccessful judgment or appeal.

We believe plaintiffs were precluded by the doctrine of *res judicata* from refiling the common-law counts after their unsuccessful appeal of the rescission counts. To avoid the claim splitting, which occurred here, plaintiffs might have proceeded to a decision on the merits on the common-law counts and, if unsuccessful, appealed both that result and the court's previous dismissal of their rescission counts. By failing to proceed on the common-law counts, plaintiffs relinquished their right to raise those counts in a subsequent action.

In light of our disposition of the common-law counts on *res judicata* grounds, it is unnecessary for us to address plaintiffs' statute of limitations issue pertaining to the common-law counts.

We now turn to the issue raised by defendants' cross-appeal, *i.e.*, whether the trial court erred in refusing to award sanctions to defendants pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137).

■ Supreme Court Rule 137 requires a court to impose sanctions upon a party and/or its attorneys for filing a pleading unwarranted by existing law and interposed for an improper purpose, such as to harass or needlessly increase the cost of litigation. (*Singer v. Brookman* (1991), 217 Ill. App. 3d 870, 879.) The allowance of fees and expenses under this provision is entrusted to the discretion of the trial court, and its determination will not be disturbed on review unless there has been an abuse of discretion. (*Singer*, 217 Ill. App. 3d at 879.) Rule 137 only requires a trial court to make specific findings when the court orders sanctions. *Elledge v. Reichert* (1993), 250 Ill. App. 3d 1055. But see *Heiden v. Ottinger* (1993), 245 Ill. App. 3d 612 (specific findings required to review trial court's exercise of discretion in granting or denying sanctions pursuant to Rule 137).

■ The fact that this court determined that plaintiffs could have argued equitable estoppel in *Rein I* and that the common-law counts were not timely filed does not automatically require the imposition of sanctions. The test to be applied in determining whether the rule has been violated is an objective standard of what is reasonable under the circumstances at the time the assertions were made. *Wittekind v. Rusk* (1993), 253 Ill. App. 3d 577, 580.

After reviewing the record in this case, we concur in the decision of the trial judge who oversaw these proceedings and who determined not to award sanctions. Therefore, the decision to deny Rule 137 sanctions will stand.

■ Finally, we turn to defendants' motion for sanctions pursuant to Supreme Court Rule 375(b) (134 Ill. 2d R. 375(b)). That rule allows the reviewing court to impose an appropriate sanction upon a party or his attorney if it is determined that the appeal itself is frivolous, or that an appeal is not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting the appeal is for such purpose. (134 Ill. 2d R. 375(b); *Singer*, 217 Ill. App. 3d at 880.) An appeal will be deemed frivolous where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. 217 Ill. App. 3d at 880.

The sanctions provided in Rule 375(b) are penal in nature and should be applied only to those cases falling strictly within the terms of the rule. (*Beverly v. Reinert* (1992), 239 Ill. App. 3d 91, 101.) While we believe some of the issues raised on appeal in the present case were easily resolvable, the issue of claim splitting involved an unusual procedural question. Therefore, we decline to impose sanctions.

For the reasons given above, we affirm the judgment of the circuit court of Kane County.

Affirmed.

BOWMAN, J., concurs.

JUSTICE RATHJE, dissenting:

I respectfully dissent from that portion of the majority opinion concluding that the common-law counts are barred by the doctrine of *res judicata*. I believe that the majority has misconstrued the relationship between *res judicata*, section 2—1009 of the Code of Civil Procedure (735 ILCS 5/2—1009 (West 1992)), and the concept of claim splitting.

The majority concludes that section 2—1009 cannot be permitted to circumvent a court's denial of a request for a finding pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)). First of all, the record does not indicate why the trial court denied plaintiffs' request for a Rule 304(a) finding. In fact, it may be that the trial court erred in denying the request. However, neither party has raised any issue as

to the denial of the request. Secondly, this court cites no authority for this rather novel proposition. Therefore, I believe it is a somewhat suspect basis for the result reached in this case.

The majority further concludes that section 2—1009 cannot be permitted to circumvent the doctrine of *res judicata* and its close relative, the rule against claim splitting. Again this conclusion is reached without citation to authority. I believe, however, that neither the doctrine of *res judicata* nor the rule against claim splitting is applicable here.

Section 2—1009 provides in pertinent part as follows:

> "The plaintiff may, at any time before trial or hearing begins, upon notice to each party who has appeared or each party's attorney, and upon payment of costs, dismiss his or her action or *any part thereof as to any defendant, without prejudice,* by order filed in the cause." (Emphasis added.) (735 ILCS 5/2—1009 (West 1992).)

Section 2—1009 is not limited to the dismissal of an entire cause of action but applies as well to the situation in which only part of the cause of action is dismissed.

Moreover, the voluntary dismissal pursuant to section 2—1009 clearly protects the plaintiffs' right to refile the common-law counts since the dismissal is *without prejudice.* Since a voluntary dismissal under section 2—1009 cannot be had once a trial or hearing has begun, there has been no final adjudication on the merits of the suit or that portion of it which is being voluntarily dismissed. Since a final adjudication on the merits is required before *res judicata* can apply, it is not applicable here. *Elliott,* 189 Ill. App. 3d at 728.

The majority cites *Best Coin-Op, Inc. v. Paul F. Ilg Supply Co.* (1989), 189 Ill. App. 3d 638, for the proposition that *res judicata* bars a second suit if the matter could have been decided in the first suit. (*Best Coin-Op, Inc.,* 189 Ill. App. 3d at 657.) However, unlike the case at bar, that case involved an "involuntary" dismissal, which this court held was a final adjudication on the merits. (189 Ill. App. 3d at 648-49.) The majority's reliance on *Radosta v. Chrysler Corp.* (1982), 110 Ill. App. 3d 1066, is equally misplaced, since in that case a second suit was filed after an appeal in the first suit. The majority cites no case applying *res judicata* where the cause of action or a part thereof was voluntarily dismissed pursuant to section 2—1009.

The rule against claim splitting is closely related to the doctrine of *res judicata.* (*Thorleif Larsen & Son, Inc. v. PPG Industries, Inc.* (1988), 177 Ill. App. 3d 656, 662.) The policies underlying the doctrine of *res judicata* are protection of the defendant from harassment and of the public from multiple litigation; the rule against claim splitting

has been relaxed where there was an omission due to ignorance, mistake, or fraud, or *where it would be inequitable to apply the rule. Thorleif Larsen & Son, Inc.*, 177 Ill. App. 3d at 662.

*Res judicata* will not apply to bar an independent claim of part of the same cause of action where: (1) the parties have agreed in terms or *in effect* that plaintiff may split his claim, or the defendant has acquiesced therein; or (2) the court in the first action expressly reserved the plaintiff's rights to maintain the second action. *Airtite v. DPR Ltd. Partnership* (1994), 265 Ill. App. 3d 214, 219.

The majority concludes that neither of these exceptions is applicable here. Yet there is no indication in the record that defendants objected, on the basis of claim splitting or anything else, to the motion for voluntary dismissal. Without citation to authority, the majority concludes that the lack of objection did not mean acquiescence on the part of defendants to the voluntary dismissal and that the objection was properly made when the plaintiffs attempted to refile the common-law counts, as prior to that time there was no reason for the defendants to object. This reasoning seems to suggest that defendants were taken by surprise by the refiling attempt. The reason for obtaining a voluntary dismissal pursuant to section 2—1009 is to insure that the dismissal will be without prejudice, thus allowing the refiling of the claim. The defendants could have had no doubts that plaintiffs intended to refile the common-law counts. By remaining silent, the defendants agreed, *in effect*, that plaintiffs could split their claims. *Airtite*, 265 Ill. App. 3d at 219.

The majority also concludes that the trial court's granting of the motion for voluntary dismissal could not immunize the plaintiffs against any defenses to the attempted refiling of the common-law counts. Again, the majority cites no authority in support of this conclusion. Yet, the trial court's order, which provided that the dismissal was "without prejudice," is certainly a reservation of "the plaintiff's right to maintain the second action." (*Airtite*, 265 Ill. App. 3d at 219.) I also note that in *Rein I*, this court stated, "[t]he plaintiffs obtained a *valid voluntary dismissal* of the remaining counts of their complaints." (Emphasis added.) *Rein*, 230 Ill. App. 3d at 14-15.

None of the cases relied on by the majority holds that *res judicata* or claim splitting bars a plaintiff from refiling a cause of action or a part thereof that was voluntarily dismissed pursuant to section 2—1009. Moreover, in *Best Coin-Op, Inc. v. Paul F. Ilg Supply Co.*, the court stated that even if plaintiff's actions there could be termed claim splitting, nonetheless the rule against splitting causes of action would be relaxed where it would be inequitable to apply the rule. *Best Coin-Op.*, 189 Ill. App. 3d at 659.

In this case, it would be inequitable to uphold the dismissal of plaintiffs' common-law claims under *res judicata* or claim splitting. Plaintiffs' voluntary dismissal without prejudice was pursuant to a section of the Code of Civil Procedure; there was no objection by the defendants to this procedure. Even this court acknowledged that it was a valid voluntary dismissal. The majority has cited no case in its opinion in which a plaintiff has been denied the right to refile an action, properly dismissed pursuant to section 2—1009, on the basis of either *res judicata* or claim splitting.

As a practical note, there is no doubt many attorneys have utilized the voluntary dismissal provisions of section 2—1009, believing they have preserved their clients' rights to refile their cases. Under the majority view expressed in this case, such attorneys, unwittingly, of course, are now subject to having their clients' cases dismissed and themselves open to malpractice claims. While the case at bar involves only a portion of a cause of action, taken to its logical conclusion, the majority's reasoning would render any timely refiling following a proper voluntary dismissal subject to the defense of *res judicata*, since the matter could have been resolved the first time the case was filed.

In this case, the cure is more harmful than the disease itself. I therefore dissent.